U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
OCT 0 2 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **KENNETH KEITH MILTON** | **DOCKET NO. 06-CV-0541, SEC.P** |
| **VERSUS** | **JUDGE DRELL** |
| **RAPIDES PARISH SHERIFF DEPT., ET AL** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed on March 29, 2006, by *pro se* plaintiff, Kenneth Keith Milton. At the time of filing his petition, Milton was incarcerated at the Rapides Parish Detention Center I in Alexandria, Louisiana.

On April 13, 2006, Plaintiff's request to proceed *in forma pauperis* was granted, but he was ordered to pay an initial partial filing fee in the amount of $3.20 and to continue to make payments of 20% of his income until $250.00 has been paid in full. [Doc. #4] A copy of that order was mailed to the plaintiff at the address he provided when his petition was filed. On April 26, 2006, the Clerk received correspondence from the Rapides Parish Detention Center advising the Court that the plaintiff had been bonded out, so no more payments would be forwarded by them to the Court. [Doc. #5] While Plaintiff apparently "bonded out," he failed to advise the Court of his new address. An order reassigning the case to Judge Drell was mailed to the plaintiff on May 4, 2006, at the address on file, and a memorandum order directing the plaintiff to amend his complaint was mailed on May 11, 2006. [Doc. #6, 7] The orders were returned to the Clerk by the United States Postal Service ("USPS") on May 19 and 22, respectively, indicating that the plaintiff had moved and his address was unknown.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 41(b) permits dismissal of claims "[f]or failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988). Further, Local Rule (LR) 41.3W provides in part, "The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."

More than thirty days have elapsed since the order granting *in forma pauperis* status and order to amend were returned to the court, and plaintiff has not provided the Court with a current, updated address.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the

district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 2nd day of October, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE